We'll begin with the substantive motion, that is to be argued, U.S.A. v. Pedro Serrano. We'll hear first from counsel for Serrano. Good morning, your honors. May it please the court, I'm Edward Zass from the Federal Defenders, for the appellant Pedro Serrano. Mr. Serrano's retrial is currently scheduled to begin on August 7th. And the parties are already engaged in pretrial litigation and preparation for the retrial. We've moved for a stay to ensure that Mr. Serrano does not have to run the gauntlet a second time before this court can decide whether the retrial can proceed under the double jeopardy clause. But his initial jeopardy hasn't been terminated yet, isn't that right? Your honor, we believe that the jeopardy terminating event is a conviction based on insufficient evidence. It's true that the district court found the evidence sufficient, but the district court does not normally The jury verdict was set aside and a new trial has been ordered. That's correct. That's correct. But if the court was wrong, if the evidence was insufficient under Berks, that would bar the retrial. In a situation in which at the request of a defendant, the trial, the initial trial is reversed, without a finding of insufficient evidence, why should we decide then the double jeopardy issue? Why isn't it appropriate to have the second, the other trial? There has not yet been a finding of insufficient evidence. Your honor, the reason that ABNY permits the interlocutory appeal at all is to ensure that the defendant does not even have to stand trial if the double jeopardy clause bars that trial. It's one of the special rights. So this court's practice in Wallach and other cases is to review sufficiency even where there's a determination that there's been trial error that would warrant a new trial. That's all we're seeking here. To force Mr. Serrano to go to trial and not decide sufficiency until later would, first, it would cause him the irreparable harm that the double jeopardy clause exists to prevent. Well, if the appeal were properly here, we would review sufficiency. But an order denying a Rule 29 motion is not immediately appealable. That's right. But this is an appeal from a double jeopardy denial. And the Supreme Court itself in Richardson reversed the district, the D.C. Circuit. The D.C. Circuit said that there was no jurisdiction because the double jeopardy claim turned on sufficiency, which is not normally reviewable. But the Supreme Court reversed the D.C. Circuit on that very point and said, it doesn't matter that the double jeopardy claim requires review of sufficiency because the defendant was not appealing a judgment based on that evidence. He was making a separate claim under double jeopardy. That was a case in which a mistrial had been ordered? That's right. That's right. And that's why the defendant lost on the merits. But there really are two holdings in Richardson. One is jurisdictional and one is on the merits. Richardson says that unless there's been a termination of the original jeopardy, the second trial is not double jeopardy. That is what Richardson says. But it acknowledges Berks holding that a conviction where the evidence is determined to be insufficient by an appellate court. Berks did not involve an interlocutory appeal. That's true.  And so did this Court's decision in Wallach. Wallach in 1992, that was eight years after Richardson, recognized that the conviction had already been vacated for trial error. But the defendant then brought an interlocutory double jeopardy appeal. It's just like our case. And Judge Newman's opinion for the Court said that it was appropriate to address sufficiency there to ensure that the defendant's double jeopardy rights are protected. I can see I'm encountering some resistance, but I think the resistance goes to the merits. This is just a stay. And it would be unfortunate if the Court were to deny a stay, and ultimately on the merits the Court were to agree that double jeopardy was violated. The government has not identified the sort of irreparable injury that we have identified. This right, this fundamental right under the double jeopardy clause, is going to be lost forever if the retrial occurs before this Court can rule. So that's all we're seeking, is a stay. And Judge Kearse's question, Judge Calabrese's question as to whether, what the scope of Richardson is, whether Richardson governs outside a mistrial context, should be extended to cover reversal of conviction cases, that's a serious substantial question that the Supreme Court has never resolved, and this Court has never resolved. So we think certainly it's not frivolous. What does that suggest to you? I'm not saying that it suggests frivolity, but given the excellence of your office and other defense counsel in this jurisdiction, is it not curious that this argument, which would seem to present a recurring set of facts, has not previously been pressed upon us? I have two responses to that, Judge Cabranes. First, thank you for the compliment. But first, Wallach did press this argument. Wallach couldn't have proceeded on the interlocutory appeal unless jurisdiction was found to exist. The Court addressed the double jeopardy claim, resolved sufficiency. So it has been pressed. The second point is, this is pretty unusual. It's unusual to get a Rule 33 new trial granted in the first place. And often when a Rule 33 trial, a new trial is granted, the Court will also agree that the evidence was insufficient. So that doesn't result in an appeal. Also, the Court — You said that the Court will often agree that the evidence was insufficient? Defendants typically make two post-trial motions. Defendants make those motions. Yes. But if the district court finds that the evidence was insufficient, then it's not ordering a new trial, it's granting your motion. That's true. Your Rule 29 motion, not your Rule 33 motion. You're exactly right, Your Honor, except Rule 29 does require the district court in the alternative to rule as to whether it would order a new trial if the sufficiency ruling were overturned. So they're typically decided together. Normally, they're both denied. And in that situation, the government is quite right. The defendant has to wait to a final judgment. Here, the real question, the real merits question, is what appeal, if any, does a defendant get when a court grants a Rule 33 motion but denies the Rule 29 motion? We think under Richardson and Wallach, the court's practice, the court's precedence is to review sufficiency before subjecting the defendant to a second trial. And so, therefore, we're just asking the court to stay the proceedings in the district court until this court has an opportunity to address these important, substantial, non-frivolous questions. And why exactly would this panel be unable to address these substantial questions? I'm sorry. I didn't hear your question. Why would this panel not be able to decide those substantial questions? Well, this stay panel, the issue before the court is a narrow one. It is whether there's any colorable claim here. I think it would be premature, until there's full briefing and at the discretion of the court argument, to jump forward and resolve these questions on the merits. There is not only the substantial double jeopardy claim, the scope of Richardson, but also there's a serious underlying sufficiency question. This is not an overwhelming case. The district court itself in granting... So you say, actually, in answer to Judge Cabranes' previous question, that one reason why this has not come up is that often the sufficiency question is trivial enough, frivolous enough, so that when this kind of motion gets made, it gets decided on the merits and be gotten rid of, and then, of course, there is no double jeopardy issue. You're saying here the same reason that keeps us from deciding it now, because it is complicated and not something that shouldn't be done without full briefing, is the reason why this hasn't come up often. Yes, that's exactly right. I think the fact that it hasn't come up that often is a counter to the government's claim that if the merits panel decides the double jeopardy question or addresses sufficiency, that somehow the court's going to be inundated with these cases. Wallach was decided 25 years ago, and there's been no evidence of a flood of cases like this. This is unusual. And we just think that both for efficiency reasons and for fundamental fairness reasons, the court should not allow the government to retry Mr. Serrano until the court can decide whether it can retry Mr. Serrano. Thank you. We'll rest on our papers and respectfully request a stay. Thank you. Mr. Denton. May it please the Court, my name is David Denton. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal and in the proceedings below. Having successfully moved for a new trial in the district court, the defendant now makes the frivolous claim that it violates the double jeopardy clause to give him the new trial that he asked for. But the defendant is not being subject to double jeopardy. He is instead at his own request being put in the position as if the first trial had never occurred in this case. Is this case like Wallach? No, Your Honor, it's decidedly different from Wallach. In Wallach, there was a final judgment. Sentence was imposed and there was a properly taken appeal during which the defendant raised questions about the sufficiency of the evidence. For reasons that are somewhat unclear, the original merits panel that considered that case did not explicitly rule on his sufficiency challenge. And so when it was raised in the context of the appeal from his double jeopardy motion, the panel decided that it was appropriate to follow this court's prudential rule on properly taken appeals from final judgment and consider the sufficiency then. This case concerns a purely interlocutory appeal. At the defendant's request, no final judgment has ever been entered in this case. And that's significant for the double jeopardy question here, because at the end of a trial, a defendant is faced with a choice. He either can proceed immediately to sentence and judgment and then take an appeal to this court on the merits, including sufficiency, or he can move in the district court and try and get prompt or relief there. Part of the reason why Rule 33 requires it to be made. Why did the district court grant a new trial in this case? There was an error in the court's instructions with respect to conscious avoidance that omitted. No. There was an error which did not in itself go to sufficiency of the evidence. And because there was that error, the defendant did not need at that point to claim lack of sufficiency of the evidence, right? Although he did, Your Honor. He made it. Exactly. But he also did, and the district court ruled against him on that. That's correct. And that's the question that he would like to see appealed. So there was a judgment in his favor on one thing, but against him on the other. Wasn't there? There was a decision. No, no. So if there was not sufficiency of the evidence, if the district court erred in that, then we're back in the Wallach situation, aren't we? So I think— I mean, what's the difference in terms of formality? Yes, he asked, but what's the difference? I'm confused. Well, so in that circumstance, Your Honor, I think the relevant case is Ferguson and not Wallach, which clearly holds that a denial of a Rule 29 motion when accompanied with the grant of a Rule 33 motion is not immediately appealable. And so the question here is whether the defendant can evade Ferguson's bar on interlocutory review of the denial of a Rule 29 motion simply by repackaging the appeal as a question of double jeopardy. And we don't think that's permissible. But in Ferguson, I take it he did not raise double jeopardy. And if somebody doesn't raise an issue, we don't decide it. So I take it that Ferguson, though it came out the way you want, did so because we don't decide issues that aren't raised to us. The defendant in Ferguson didn't say you were retrying me before you decide this, as you said you should do in Wallach. So, you know, we may decide your way, but I can't see how Ferguson determines it if they didn't raise the double jeopardy issue. And raising it isn't an evasion. It's raising a new issue. No, but, Your Honor, the double jeopardy clause is not some incantation that if you say it's a double jeopardy claim, that that is then necessarily immediately appealable or even a colorable question. So, for example, in Abney, the Supreme Court cautioned that the exception to the final judgment rule for double jeopardy purposes was intended to ensure direct appeals or, excuse me, immediate appeals of true double jeopardy claims, that it was not a way to simply invoke the double jeopardy clause. Doesn't that depend on whether this is a true double jeopardy issue or not, on whether there is a non-frivolous claim about sufficiency of the evidence, which goes back to why these cases don't often come up, because most of the time there is no non-frivolous claim of sufficiency of the evidence, in which case the panel says there's nothing there, and there is no non-frivolous, therefore double jeopardy claim. But if somebody makes, and I'm not saying they have, but if somebody has a serious, complicated sufficiency of the evidence issue, then why wouldn't a stay be appropriate in order to protect the person to be tried twice? Now, I don't know that that is so here, but it seems to me that a blanket rule that says no would pause exactly what Judge Newman worried about to come about. Well, I think there's two problems. Again, first of all, there's the extent to which Wallach arose in a different circumstance where the defendant had a right to have his sufficiency considered and for some reason the initial merits panel didn't do it. But second, I think that the relevant question of which claim is frivolous is not the merits of the sufficiency claim. The relevant question is the lack of a colorable double jeopardy claim because jeopardy has not terminated here. There is, in fact, another aspect to Richardson's holding which does not establish a rule that all double jeopardy claims considering sufficiency can properly be heard. The Supreme Court heard the appeal for purpose of denying it and noted that no such claims would be considered colorable going forward and that there would be no need to interpose an interlocutory appeal in a situation where there is no identifiable event terminating jeopardy. There is no such event in this case and so there is no colorable claim of double jeopardy for this Court to entertain. Are you aware of any other court that has sustained or adopted Mr. Sass's argument? Not since Richardson, Your Honor. There is one case that they cite that predates that, but we think Richardson's rule clearly abrogates that as it did other cases permitting similar interlocutory appeals from mistrials. Anything else you want to add that he might have said that would cause you grief? No, Your Honor. Thank you. Thank you. All right. Mr. Sass. Just very quickly on the last point, Your Honor. I think the relevant question is not necessarily whether other courts outside this circuit have adopted or not adopted our position. The question is, is there some controlling case either from the Supreme Court or from this circuit that says the defendant is not entitled to pursue a double jeopardy claim at this stage based on insufficiency of the evidence where the conviction was already made? This still leaves the question of whether jeopardy has completed. In the end, after all the talk, the main argument of the government is this is different because the first case has not ended. And what's your answer to that? Well, the entire argument depends on the correctness of the district court's sufficiency ruling. If the district court was wrong, if our client was convicted based on insufficient evidence and this court were to agree with that assessment, that under Burks, under Richardson itself, is a double jeopardy terminating event. I think if you pursue the government's logic, you'll see that it can't be right. This court, whenever it reviews appeals after final judgments, sometimes says, you know, this trial was unfair. We need to order a new trial. But it doesn't stop there and ignore the sufficiency claim. If the government were right that, okay, jeopardy didn't terminate because we're ordering a new trial, the court would not review sufficiency claims, but it always does because it recognizes that it would be unfair not to. Now, it's true that those cases generally come up after final judgments. But here we have a final decision. Under Abney, this ruling is a final decision. It is immediately appealable. And the Supreme Court in Richardson expressly rejected the same argument the government is making, that somehow it's not really a double jeopardy claim because it turns on sufficiency. The Supreme Court reversed the D.C. circuits holding to that effect and said, no, it's still an appealable double jeopardy ruling even though it requires the court to canvass the sufficiency of the evidence at the first trial. The real difficult substantial question at the end of the day is, does Richardson apply not where a jury couldn't reach a verdict, which is the issue there, but where a jury did reach a verdict and convicted? In this situation, is it a Burke's case? Is it a Wallach case? Or, on the other hand, is it a Richardson case? Those are very difficult unresolved questions, and it's the kind of question that should be resolved by the merits panel after a full briefing. And if the court agrees with the government, future appeals may well be frivolous. But until there's a ruling on the merits, until there's a ruling, there is a chance that we would prevail, and that's all we need to show here. And, therefore, I think the court should err on the side of granting the stay so that our client doesn't suffer that irreparable injury before this court can rule. Thank you very much. I appreciate the arguments on both sides. We'll reserve the decision, and we'll come back.